IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAMI ORTEGA,<br><br>        Plaintiff,<br><br>vs.<br><br>OFFICER DEREK SPECKMAN, OFFICER MICHAEL LANOY, AND THE CITY OF GUTHRIE, OKLAHOMA<br><br>        Defendants. | Case No.  CIV-21-193-PRW<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## NATURE OF ACTION

1.    Plaintiff Cami Ortega brings this action against Defendants Officers Derek Speckman and Michael Lanoy of the Guthrie Police department, and the City of Guthrie, Oklahoma pursuant to 42 U.S.C. § 1983, and the Fifth and Fourteenth amendments of the United States Constitution.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Ms. Ortega's action occurred in this district, where she resides in this district, and where Defendants transact business in this district.

**42 U.S.C. § 1983**

4. 42 U.S.C. § 1983 protects citizens from state deprivations of their constitutional rights, including the right to be free from unreasonable seizures. *Maldonado v. Municipality of Barceloneta,* 682 F.Supp.2d 109 (D.P.R.2010).

5. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811, 127 L. Ed. 2d 114 (1994); *Baker v. McCollan,* 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 2694, n. 3, 61 L.Ed.2d 433 (1979).

6. To maintain a cause of action under 42 U.S.C. § 1983, Plaintiff must show (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived Plaintiff of rights secured by the Constitution or laws of the United States. *Chopmist Hill Fire Dep't v. Town of Scituate*, 780 F. Supp. 2d 179, 187 (D.R.I. 2011).

7. Under some circumstances, however, the conduct of private parties may be deemed to be state action when the "conduct allegedly causing the deprivation of a federal right may be fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

8. Whether the conduct may in fact be "fairly attributed" to the state requires a two-part inquiry. "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Id.* "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id. See West v. Atkins,* 487

U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (explaining that, to state a claim under § 1983, the plaintiff must show: (i) deprivation of a right that the federal constitution or federal laws secure; and (ii) that a person acting under color of state law caused the deprivation).

9. State action exists if a private party is a "willful participant in joint action with the State or its agents." *Dennis v. Sparks,* 449 U.S. 24, 27, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) (quoting *United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966)).

10. Courts look to "whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Gallagher v. Neil Young Freedom Concert,* 49 F.3d at 1453. "[I]f there is a substantial degree of cooperative action between state and private officials . . . or if there is overt and significant state participation, in carrying out the deprivation of the plaintiff's constitutional rights, state action is present." *Id.* at 1454 (internal quotations and citations omitted).

## PARTIES

11. Ms. Ortega is a natural person who at all relevant times resided in Nevada, Missouri.

12. Officer Derek Speckman is an officer with the Guthrie Police Department and performs his occupation in Logan County.

13. At all relevant times, Speckman was acting under color of law.

14. Officer Michael Lanoy is an officer with the Guthrie Police Department and performs his occupation in Logan County.

15. At all relevant times, Lanoy was acting under color of law.

16. The City of Guthrie is a municipality located in the state of Oklahoma.

## FACTUAL ALLEGATIONS

17. On or about November 4, 2014, Ms. Ortega purchased a 2013 Fiat 500 (the "Vehicle") from non-party Holt Fiat.

18. Ms. Ortega purchased the Vehicle for her own personal family and household use.

19. Ms. Ortega financed the Vehicle.

20. In connection with the transaction, Ms. Ortega executed a loan agreement (the "Contract") in Holt Fiat's favor.

21. As part of the agreement, Holt Fiat and its assignees obtained a security interest in the Vehicle.

22. Thereafter, Ms. Ortega began to make her payments under the contract.

23. Sometime later, the holder of the Contract began to believe that Ms. Ortega was behind on her payments.

24. Thereafter, the holder of the Contract engaged a repossession agent (the "Repossession Agent") to repossess Ms. Ortega's Vehicle.

25. On or about April 23, 2019, Ms. Ortega was visiting friends in Guthrie, Oklahoma.

26. She had her Vehicle parked on private property.

27. That afternoon, the Repossession Agent attempted to repossess the Vehicle.

28. Ms. Ortega, her fiancé Leslie Luttrall, and her friend Marvin Shultz noticed the Repossession Agent's attempt to repossess the Vehicle.

29. The three ran outside and immediately protested the repossession loudly and unequivocally.

30. Mr. Schultz immediately jumped into the Vehicle.

31. At the same time, the three and the Repossession Agent's employee argued loudly and profanely regarding the repossession.

32. The Repossession Agent's employee advised that he was taking the Vehicle regardless of the protests of Ms. Ortega, Mr. Luttral or Mr. Shultz.

33. While Ms. Ortega, Mr. Luttral, Mr. Schultz, and the Repossession agent's employee argued loudly, the street was blocked and neighbors emerged from their homes to observe the spectacle.

34. The police were summoned to the scene.

35. Thereafter, three officers from the Guthrie, Oklahoma Police Department arrived on the scene.

36. Among these officers were Speckman and Lanoy.

37. Both Speckman and Lanoy were dressed in full department uniform with their respective badges of office and each carried a firearm.

38. Upon the officers' arrival, the Repossession Agent's employee met with the officers, and admitted that he was in breach of the peace.

39. Upon their arrival at the scene, the officers knew or should have known that Repossession Agent had lost the right to continue its repossession due to the admitted breach of the peace.

40. Notwithstanding the obvious and admitted breach of the peace, the officers assisted the Repossession Agent's employee with the repossession and forced Ms. Ortega to turn over the Vehicle.

41. An officer advised Ms. Ortega that she could not get her property out of the vehicle unless she turned over the keys to the vehicle.

42. During a subsequent exchange, the Repossession Agent's employee again admitted to the officers that he knew he was in breach of the peace.

43. Nonetheless, the officers continued to facilitate the repossession.

44. But for the officer's assistance, the repossession could not have been completed.

45. As a result of the seizure of her Vehicle, Plaintiff has suffered actual damages.

46. She was stranded hundreds of miles from her home and was rendered effectively homeless.

### COUNT I
### UNLAWFUL SEIZURE (42 U.S.C. § 1983)
### SPECKMAN, LANOY, AND THE CITY OF GUTHRIE

47. Ms. Ortega repeats and re-alleges each factual allegation contained above.

48. The Fourth Amendment of the U.S. Constitution protects citizens from unlawful seizure.

49. The Fourteenth Amendment of the U.S. Constitution protects citizens from deprivation of property without due process of law.

50. Ms. Ortega, her friend, and her fiancé strenuously objected to the seizure of the Vehicle, and had a statutory and constitutional right to the Vehicle.

51. Therefore, the Repossession Agent had no right to continue to attempt to repossess the Vehicle, and the law required the holder of the Contract to obtain a court order to take possession of the Vehicle.

52. Instead of getting a court order, the Repossession Agent's employee enlisted the help of Speckman and Lanoy to accomplish the repossession of Ms. Ortega's Vehicle.

53. Defendants, Speckman and Lanoy, did more than stand by to keep the peace, they actively took part in the repossession by convening a curbside courtroom and opining that the Repossession Agent had legal right to the Vehicle, advocating for the propriety of the Repossession Agent's claim to the Vehicle, telling Ms. Ortega that Repossession Agent's employee was taking the Vehicle despite her protests, preventing Ms. Ortega from continuing her protests, and demanding that Ms. Ortega turn over the keys to the Vehicle in order to retrieve her personal effects.

54. Defendants, Speckman and Lanoy, intimidated Ms. Ortega and prevented her from objecting and overrode her exercise of her legal right to object to the repossession.

55. Defendants, Speckman and Lanoy, sanctioned and assisted in the Repossession Agent's illegal repossession.

56. By aiding the Repossession Agent in the repossession, Defendants, Speckman and Lanoy, accomplished a seizure of Plaintiff's property.

57. Defendants, Speckman and Lanoy, had no warrant or court order to seize the Vehicle.

58. As of April 2019, it was clearly established that the fourth amendment to the United States Constitution allows a police officer to seize property only when there is a valid warrant signed by a neutral and detached magistrate or when there is probable cause and a valid exception to the warrant requirement.

59. No reasonably trained law enforcement officer would seize personal property without a valid warrant, court order, or probable cause along with a valid exception to the warrant requirement by participating in a vehicle repossession which was itself unlawful.

60. The official state action of Defendants, Speckman and Lanoy, caused Ms. Ortega, a citizen of the United States, to be subjected to the deprivation of rights, privileges or immunities secured for him by the U.S. Constitution and entitle her to actual damages, punitive damages, and attorney's fees 42 U.S.C. §§ 1983; 1988.

61. Upon information and belief, Defendants Speckman and Lanoy's conduct was consistent with how the Guthrie Police Department trained its officers to respond to attempted repossessions and its established policies.

WHEREFORE, Ms. Ortega prays for relief and judgment, as follows:

a) Adjudging that Defendants, Speckman and Lanoy, unlawfully seized Ms. Ortega's Vehicle in violation of the Fourth and Fourteenth Amendments to the United States Constitution;

b) Adjudging that Defendant City of Guthrie is liable for Speckman and Lanoy's violation of the Fourth and Fourteenth Amendments to the United States Constitution

c) Awarding Ms. Ortega actual damages;

d) Awarding Ms. Ortega punitive damages;

e) Awarding Ms. Ortega her reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988(b);

f) Awarding Ms. Ortega pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

62. Ms. Ortega is entitled to and hereby demands a trial by jury.

Respectfully submitted on March 4, 2021.

> By: s/Russell S. Thompson IV
> Russell S. Thompson IV (029098)
> Thompson Consumer Law Group, PC
> 5235 E. Southern Ave., D106-618
> Mesa, AZ 85206
> 602-388-8898
> 866-317-2674 facsimile
> rthompson@thompsonconsumerlaw.com.com
> Attorney for Plaintiff