IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CAMI ORTEGA,                             )
                                         )
          Plaintiff,                     )
                                         )
v.                                       )   Case No. CIV-21-193-C
                                         )
OFFICER DEREK SPECKMAN;                  )
OFFICER MICHAEL LANOY; and               )
THE CITY OF GUTHRIE OKLAHOMA,            )
                                         )
          Defendants.                    )

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this action asserting claims arising from the repossession of her automobile. Plaintiff was visiting Oklahoma from her home in Missouri. While in Oklahoma, a repossession agent became aware Plaintiff's automobile was located in Guthrie, Oklahoma. The agent attempted repossession and Plaintiff and others protested. The police were called and ultimately the vehicle was repossessed. Plaintiff sued the officers involved and their employer, arguing her constitutional rights were violated. Defendant City of Guthrie ("City") seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6), arguing Plaintiff has failed to plead facts demonstrating the officers acted pursuant to an informal custom.[*]

Defendant's request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the Court to examine the "specific allegations in the complaint to determine whether they

---

[*] Defendant City had filed an earlier Motion to Dismiss. That Motion was mooted by Plaintiff filing an Amended Complaint.

plausibly support a legal claim for relief." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), and Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)).

After review of the arguments raised by the parties and consideration of the allegations in Plaintiff's Amended Complaint, the Court finds that Plaintiff has pleaded sufficient facts to support the claim raised against Defendant City. To move her claim forward, Plaintiff must allege facts in her Amended Complaint demonstrating the existence of a custom which sanctioned the allegedly improper actions of the Defendant Officers. The Tenth Circuit has held that to establish a custom, Plaintiff must show the following:

> A "'custom' has come to mean an act that, although not formally approved by an appropriate decision maker, has such widespread practice as to have the force of law." Id. [Marshall v. Columbia Lea Reg'l Hosp., 345 F.3d 1157, 1177 (10th Cir. 2003)]. In order to establish a custom, the actions of the municipal employees must be "continuing, persistent and widespread." Gates v. Unified Sch. Dist. No. 449, 996 F.2d 1035, 1041 (10th Cir. 1993). In attempting to prove the existence of such a "continuing, persistent and widespread" custom, plaintiffs most commonly offer evidence suggesting that similarly situated individuals were mistreated by the municipality in a similar way. Indeed, a plaintiff's "failure to allege the existence of similar discrimination as to others seriously undermines her claim that the City maintained a custom of discriminatory personnel practices." Randle [v. City of Aurora], 69 F.3d [441] at 447 [(10th Cir. 1995)].

Carney v. City & Cty. of Denver, 534 F.3d 1269, 1274 (10th Cir. 2008). Defendant City argues Plaintiff has failed to plead facts to meet this standard, instead only making reference to a lone allegation. Review of the Amended Complaint shows that Plaintiff has alleged the Defendant Officers made reference to other similar repossessions, disagreed

with one another regarding the legality of the repossession, and were faced with the admission of the agent that his repossession breached the peace. Thus, Plaintiff has pleaded facts which if proven would show Defendant City has a custom of permitting its employees to engage in improper repossessions. Thus, Defendant City's Motion to Dismiss will be denied.

Defendant Speckman filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5). In that Motion Defendant Speckman argued that Plaintiff's attempted service on him was deficient. According to Defendant Speckman, Plaintiff's proof of service showed she attempted to serve him via certified mail. However, the return receipt was signed for by someone purporting to be the agent of Defendant Speckman. Defendant Speckman asserts that he has not lived at that address for more than a year and that no person at that address is authorized to accept service on his behalf. Defendant Speckman argues that because he was not properly served in a timely manner that Plaintiff's claims against him should be dismissed. In response, Plaintiff notes that she sought and received additional time from the Court to properly serve Defendant Speckman. Accordingly, the Court finds that Defendant Speckman's Motion is without support and it will be denied.

Defendant City seeks to consolidate this case with <u>Cami Ortega v. CFAM Financial Services, LLC and Oklahoma Repossessors, LLC</u>, Case No. CIV-20-251. Defendant City notes the two cases arise from the same set of facts and that witnesses in the two cases will be duplicative. Thus, Defendant argues, it will be more efficient to conduct discovery and other pretrial proceedings in a consolidated manner. In response, Plaintiff notes she is not

3

opposed to consolidation, but notes Case No. CIV-20-251 currently has deadlines set which will have to be amended to accommodate the discovery and motion practice yet to occur in this case. The request for consolidation will be granted.

## CONCLUSION

As set forth more fully herein, Defendant City of Guthrie's Motion to Consolidate Cases (Dkt. No. 6) is GRANTED; the Motion to Dismiss of the City of Guthrie (Dkt. No. 7) is MOOT; Defendant City of Guthrie's Motion to Dismiss Amended Complaint (Dkt. No. 14) is DENIED; and Defendant Derek Speckman's Motion to Dismiss First Amended Complaint (Dkt. No. 17) is DENIED.

IT IS SO ORDERED this 15th day of July 2021.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge